**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>BECKY SCOTT, et al.,<br><br>Defendants. | Civil Action No. 23-21272 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Charles McCoy's complaint. (ECF No. 1.) As Plaintiff has paid the applicable filing fee and is a prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff is a state prisoner currently confined in the Hudson County jail. (ECF No. 1 at 3.) He is currently detained on drug charges arising out of controlled purchase of controlled substances made by a state police source in October 2022. (*See* ECF No. 2 at 1-19.) In his current complaint, Plaintiff seeks to raise civil rights claims against the warden of the jail and a multitude of employees of the New Jersey State Police based on his belief that these figures "utilized various acts of official misconduct and or condoned; overlooked or conspired to commit such acts as

tainted/falsified documents, use of tainted [confidential sources]; illegal search [and] seizure and etc." (*Id.* at 4-10.) Plaintiff's complaint is devoid of specific allegations as to what Defendant took what actions, and he fails to specify in what way he believes various documents or testimony against him was "tainted" or "false," but it appears he believes that at least some of the Defendants conspired to trump up the charges against him by "tainting" or "falsifying" documents including police reports, laboratory reports, and evidence receipts, resulting in his current criminal charges. (*Id.* at 6-10.) Although Plaintiff attaches various police reports, evidence slips, and lab reports to his complaint (*see* ECF No. 2), nothing in those reports indicates what about them Plaintiff believes to be false or tainted, or in what way they are allegedly inaccurate. Plaintiff also provides a list of names of other prisoners he believes have suffered similar misconduct, and while Plaintiff appears to believe that some may be interested in pursuing their own claims through the form of a class action, none of the listed additional prisoners have signed his complaint or expressed a direct interest in joining Plaintiff. (*See* ECF No. 2 at 18-19.)

## II.   **LEGAL STANDARD**

Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his current complaint, Plaintiff seeks to sue the warden of the jail in which he is housed and a number of state police employees for alleged "tainting" and "falsifying" of documents and testimony in his state criminal proceedings. Plaintiff's complaint, however, is devoid of any details as to who he believes falsified or tainted those documents, how they are false or tainted, and in what way those alleged issues impacted him other than to result in his pending criminal proceedings and current imprisonment.

3

To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs; a claim may not be based solely on a vicarious theory of supervisory liability. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). A supervisor's "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Alternatively, a plaintiff seeking to show personal involvement for a supervisor may plead facts which show that the alleged constitutional violation is the result of a policy, practice, or custom put into effect by the supervisor. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A policy, practice, or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

A plaintiff may not plead personal involvement by way of group pleading – *i.e.*, naming a litany of defendants all of whom held different positions and were presumably involved in different ways and alleging wrongs as to each member of this group of Defendants without specifically pleading how each was involved. *See, e.g., Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012)); *Falat v. County of Hunterdon*, 2013 WL 1163751 at * 3 (D.N.J. Mar. 19, 2013). A Plaintiff must actually plead facts as to "which defendants engaged in what wrongful conduct." *Falat*, 2013 WL 1163751 at *3. Blanket allegations of conspiracy will also be insufficient to show personal involvement absent direct factual allegations as to the elements of a conspiracy for each named Defendant – agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim,"

4

*Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012), and a Plaintiff may not show a conspiracy by merely asserting that two parties' actions had the same result or were the result of even "conscious parallelism" without specific allegations supporting agreement and concerted action as to each defendant. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015).

In this case, although Plaintiff asserts that the Defendants "conspired" to taint evidence in the investigation that led to his arrest, he fails to plead actual facts supporting agreement and concerted action for each named Defendant. His complaint likewise relies entirely on group pleading – he does not identify what Defendant took what action, he does not allege how each was personally involved, and he does not identify how the evidence against him was "tainted" or "falsified," or how said taint violated his rights.[1] As Plaintiff has thus failed to plead the personal involvement of the named Defendants, and has failed to adequately plead a conspiracy, his complaint fails to state a plausible claim for relief even had Plaintiff actually pled more than a conclusory allegation as to allegedly falsified evidence.[2] Plaintiff's complaint shall therefore be dismissed without prejudice for failure to state a plausible claim for relief at this time.[3]

---

[1] That a confidential source had a criminal record or intended to buy drugs, for example, does not render actions taken on his information fundamentally improper. *See, e.g., United States v. Brown*, No. 21-9, 2022 WL 17834065, at *4 (M.D. Pa. Dec. 21, 2022).

[2] Generally, it is the *use* of fabricated evidence at trial, rather than mere fabrication or tainting of evidence, that will result in an actionable constitutional violation. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 294-95 (3d Cir. 2014). If Plaintiff can plead facts indicating how the alleged taint and/or fabrications rendered search or arrest warrant applications faulty, however, he may yet be able to plead a plausible claim for relief under the Fourth Amendment.

[3] Because Plaintiff's complaint will be dismissed without prejudice in its entirety, this Court need not address Plaintiff's suggestion that his complaint could become a vehicle for a class or group action against the state police at this time. The Court notes, however, that even assuming the other prisoners Plaintiff identified were interested in such an action, Plaintiff's complaint pleads no specific allegations regarding how anyone other than himself was in any way subjected to improper

5

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

                                          Hon. Karen M. Williams,
                                          United States District Judge

---

action by the New Jersey State Police, and thus does not even attempt to plead a group or class action.