**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES MCCOY, <br><br> Plaintiff, <br><br> v. <br><br> BECKY SCOTT, et al., <br><br> Defendants. | Civil Action No. 23-21272 (KMW) (EAP) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Charles McCoy's amended complaint. (ECF No. 8.) As Plaintiff has paid the applicable filing fee and is a prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's false arrest and illegal search and seizure claims shall proceed at this time against Defendants D'Angelo, Abdill, and the TEAMS unit, while all of Plaintiff's remaining claims shall be dismissed without prejudice.

**I.      BACKGROUND**

Plaintiff is a state prisoner currently confined in the Hudson County jail. (ECF No. 8 at 3.) Plaintiff is currently facing drug charges arising out of allegations that he sold controlled substances out of his alleged selling of controlled substances out of his store, vehicle, and home in

late 2022. (*Id.* at 16.) Plaintiff seeks to raise civil rights claims against a number of police officers, government employees, and prosecutors based on his allegations that these individuals conspired with one another to falsify a number of documents in his case including certifications in support of warrant requests, laboratory reports, police reports, and evidence receipts. (*Id.* at 16-17.) Essentially, Plaintiff contends that his entire prosecution is a sham based on falsehoods and fabricated evidence. (*Id.*) Plaintiff also contends that his Fourth Amendment rights were compromised when police officers did not announce their presence prior to entering his home under a knock-and-announce warrant. (*Id.*)

Turning to the allegations of fabricated evidence, Petitioner contends that Defendant Trooper D'Angelo fabricated affidavits in support of warrant applications in which he fabricated a number of controlled drug buys which Plaintiff does not believe occurred, references a confidential source whose veracity Plaintiff questions. (*Id.* at 5-6; ECF No. 8-1 at 1.) Plaintiff alleges that Defendant Detective Abdill conspired with D'Angelo by signing off on allegedly fabricated evidence receipts, as well as affidavits of probable cause. (ECF No. 8 at 7.) Plaintiff alleges that Defendant Ayala oversaw the investigation and in failing to oversee the alleged wrongs amounts to his conspiracy to support the false charges and documents used against Plaintiff. (*Id.* at 8.) Plaintiff alleges Defendants Houser, Zee, and Walker conspired to pursue false charges and conspired to create the falsified documents, but presents no allegations as to what specific actions they took. (*Id.* at 9-10.) Plaintiff also seeks to raise claims against Defendants Wettstein and Wilson, both prosecutors, alleging that they failed to expose the alleged falsification after reviewing discovery in Plaintiff's case, and essentially maliciously prosecuted him by pressing charges despite the alleged fabrications. (*Id.* at 12, 14.) Plaintiff alleges Defendant Crane, a forensic scientist, engaged in "dry labbing" evidence seized from his possessions and falsely certified that they were controlled substances "without actually testing" the samples. (*Id.* at 13.)

2

Finally, Plaintiff alleges that members of the TEAMS unit of the state police violated his rights by failing to announce their presence before breaching and searching his home. (*Id.* at 15.) Of all the allegedly fabricated documents, each is signed by either Defendant D'Angelo, Abdill, or Crane. (*See* ECF No. 8-1.)

## II. LEGAL STANDARD

Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his amended complaint, Plaintiff seeks to sue various police officers, a forensic scientist, and two prosecutors based on the alleged fabrication of evidence and false affidavits and documents which have given rise to his current charges. Plaintiff thus appears to be bringing claims of false arrest, illegal search and seizure, malicious prosecution, and fabrication of evidence.

To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs; a claim may not be based solely on a vicarious theory of supervisory liability. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). A supervisor's "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Alternatively, a plaintiff seeking to show personal involvement for a supervisor may

4

plead facts which show that the alleged constitutional violation is the result of a policy, practice, or custom put into effect by the supervisor. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A policy, practice, or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

A plaintiff may not plead personal involvement by way of group pleading – *i.e.*, naming a litany of defendants all of whom held different positions and were presumably involved in different ways and alleging wrongs as to each member of this group of Defendants without specifically pleading how each was involved. *See, e.g., Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012)); *Falat v. County of Hunterdon*, 2013 WL 1163751 at * 3 (D.N.J. Mar. 19, 2013). A Plaintiff must actually plead facts as to "which defendants engaged in what wrongful conduct." *Falat*, 2013 WL 1163751 at *3. Blanket allegations of conspiracy will also be insufficient to show personal involvement absent direct factual allegations as to the elements of a conspiracy for each named Defendant – agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim," *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012), and a Plaintiff may not show a conspiracy by merely asserting that two parties' actions had the same result or were the result of even "conscious parallelism" without specific allegations supporting agreement and concerted action as to each defendant. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015).

In this matter, Plaintiff fails to clearly allege what actions three of the named Defendants – Defendants Houser, Zee, and Walker – took in relation to the alleged falsified documents, all of which were prepared and signed by *other* named Defendants, other than by claiming Ayala failed

to properly supervise other officers and that all four of these Defendants conspired with the officers who allegedly falsified documents. Plaintiff does not actually plead agreement and concerted action on the part of these four Defendants, and instead just provides conclusory allegations of a conspiracy that are insufficient to support a claim for relief. Because Plaintiff fails to plead the direct involvement – other than through improper *respondeat superior* allegations as to Defendant Ayala – of these four defendants, his claims against them must be dismissed without prejudice at this time.

Turning to Defendant Crane, a forensic scientist, Plaintiff essentially contends that she fabricated evidence to use against Plaintiff at trial by "dry labbing" drug samples taken from Plaintiff's home and possessions. Plaintiff thus appears to be raising a claim against her for the fabrication of evidence. Although a Plaintiff may raise a claim for the fabrication of evidence under § 1983, such a claim requires that the Plaintiff plead facts both showing that the fabricated evidence was used against him *at trial* and had a deleterious effect upon his trial. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 295-97 (3d Cir. 2014). Because Plaintiff alleges that he has yet to go to trial, his fabrication claim against Defendant Crane is at best premature, and must be dismissed without prejudice as such. Plaintiff's claims for fabrication of evidence against Defendants D'Angelo and Abdill suffer from this same defect, and must be dismissed without prejudice at this time as well.

Plaintiff is similarly raising claims for malicious prosecution against the two prosecutors, Defendant D'Angelo, and Defendant Abdill based on the use of allegedly fabricated documents and evidence in pursuing criminal charges against Plaintiff. A malicious prosecution claim, however, cannot be pursued until the criminal proceedings in question have terminated in the

6

Plaintiff's favor. *Id.* Because Plaintiff's charges are pending and have yet to terminate in his favor, these claims must be dismissed without prejudice at this time.[1]

In his remaining claims, Plaintiff asserts false arrest and illegal search and seizure against Defendants D'Angelo, Abdill, and the members of the TEAMS unit related to the allegedly fabricated documents which led to his arrest and search warrants, as well as for failing to properly knock and announce during the execution of those warrants. Having reviewed these claims, this Court will permit these claims to proceed at this time.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's false arrest and illegal search and seizure claims shall **PROCEED** at this time as to Defendants D'Angelo, Abdill, and TEAMS unit, and Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] The Court further notes that the two prosecutors are also likely entitled to immunity as to Plaintiff's claims. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Roberts v. Lau*, 90 F.4th 618, 624-25 (3d Cir. 2024); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012).